UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN L. CARADINE,

    Petitioner,

v.

SUZANNE M. PEERY,[1] Acting Warden,

    Respondent.

Case No. 14-cv-01530-YGR  (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; AND REQUIRING ELECTION BY PETITIONER REGARDING MIXED PETITION**

Petitioner Kevin L. Caradine, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 conviction, following a jury trial, of one count of first degree murder, based on a shooting that took place on May 18, 2004, as well as three counts of second degree attempted murder and three counts of assault with a firearm, based on shootings that took place on January 23, 2004. *See People v. Caradine*, No. A121968, 2012 WL 599252, *1 (Cal. Ct. App. Feb. 23, 2012). Petitioner's total sentence was twenty-seven years in state prison, followed by fifty years to life in state prison. *Id.*, *2.

The Court issued an Order to Show Cause directing Respondent to answer the instant petition. Respondent now moves to dismiss the petition because it is a mixed petition containing both exhausted and unexhausted claims. Dkt. 10. Petitioner has not filed an opposition to the motion.

For the reasons discussed below, the Court hereby GRANTS Respondent's motion to dismiss and directs Petitioner to choose from one of the choices outlined below.

## DISCUSSION

Respondent moves to dismiss the petition on the ground it is a mixed petition because Petitioner did not fairly present to the California Supreme Court all the claims raised in his federal habeas petition.

---

[1] Suzanne M. Peery, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). The petitioner has the burden of pleading exhaustion in his or her habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

If the petition combines exhausted and unexhausted claims, then the United States Supreme Court, in *Rose v. Lundy*, 455 U.S. 509 (1982), requires dismissal of the entire habeas petition without reaching the merits of any of its claims. *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). However, the rule is not as absolute as might first appear. *Rose* itself provides that the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the district court can then consider those which remain. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). And there are two other exceptions: one is that when the petition fails to raise even a colorable federal claim, it may be denied even if it is partly or entirely unexhausted, 28 U.S.C. § 2254(b)(2); and the other is that, rather than dismiss, the district court may stay a mixed petition to allow the petitioner to return to state court to exhaust the unexhausted issue or issues, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts in the manner required by the state courts, thereby affording the state courts a meaningful opportunity to consider allegations of legal error. *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). A claim is "fairly presented" only if the petitioner either referenced specific provisions of the federal constitution or federal statutes, or cited to federal or state case law analyzing the federal issue. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

The record shows that on direct appeal, Petitioner raised five claims in the California Court of Appeal: (1) the trial court erred when it refused to sever the murder count from the remaining counts; (2) the court erred when it refused to remove a prospective juror for cause; (3) the court

1    improperly refused to allow a defense expert to testify regarding the reliability of fingerprint

2    evidence; (4) the court erred when it permitted the jury to consider the May 18, 2004 murder as

3    evidence of Petitioner's intent to kill the victims of the January 23, 2004 shootings; and (5) the

4    cumulative effect of the errors raised on appeal required reversal of the judgment. *Caradine*, 2012

5    WL 599252, *1. On February 23, 2012, the state appellate court affirmed the judgment. *Id.*, at

6    *20.

7         On March 27, 2012, Petitioner filed a petition for review in the California Supreme Court.

8    Dkt. 10, Ex. A. In that petition, he alleged only three of the five claims he raised in his state

9    appellate court petition: (1) improper denial of his motion to sever; (2) improper exclusion of

10   defense expert testimony, and (3) improper allowance of the jury's consideration of May 18, 2004

11   murder as evidence of Petitioner's intent to kill the victims of the January 23, 2004 shootings. *Id.*

12   The California Supreme Court's official website shows that on May 9, 2012, the state supreme

13   court denied the petition for review. *See People v. Caradine*, Cal. S. Ct. No. S200759.

14        On April 2, 2014, Petitioner filed this instant federal petition, alleging the three

15   aforementioned claims he raised in his petition for review and a fourth claim that the trial court

16   erred when it refused to remove a prospective juror for cause. Dkt. 1. However, as mentioned

17   above, he only raised the first *three* claims in the California Supreme Court. His claim of

18   prospective juror bias was *not* raised in the state's highest court; therefore, it is unexhausted. *See*

19   28 U.S.C. § 2254(b), (c). Accordingly, the Court finds Petitioner's prospective juror bias claim is

20   unexhausted because it was not considered on the merits by the California Supreme Court.

21        Having concluded that Petitioner did not exhaust the prospective juror bias claim in the

22   present federal petition, the Court GRANTS Respondent's motion to dismiss the petition as a

23   "mixed" petition that contains both exhausted and unexhausted claims. *See Rhines*, 544 U.S. at

24   273. Before entering a judgment of dismissal, however, the Court must provide Petitioner an

25   opportunity to amend the mixed petition by striking his unexhausted prospective juror bias claim

26   as an alternative to suffering dismissal. *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005)

27   (citing *Rhines*, 544 U.S. at 277). As a further alternative, the Court may stay the mixed petition

28   while Petitioner returns to state court to exhaust his unexhausted prospective juror bias claim. *See*

*Rhines*, 544 U.S. at 277.  Accordingly, Petitioner may choose either to amend his petition and proceed only with his three exhausted claims, or request a stay of the petition while he exhausts his remaining unexhausted prospective juror bias claim in state court.  A stay will not be granted, however, unless Petitioner can show there was good cause for his failure to exhaust his prospective juror bias claim in state court and that the claim is potentially meritorious.  *See id.*

## CONCLUSION

For the reasons stated above, the Court hereby orders as follows:

1. Respondent's motion to dismiss is GRANTED.  Dkt. 10.

2. No later than **twenty-eight (28) days** from the date of this Order, Petitioner shall either: (1) file an amended petition that includes only his three exhausted claims and strikes the remaining unexhausted prospective juror bias claim, or (2) file a request for a stay of this matter while he exhausts his unexhausted prospective juror bias claim in state court.

3. If Petitioner chooses to file an amended petition, he must include the caption and civil case number used in this Order, Case No. C 14-01530 YGR (PR), as well as the words FIRST AMENDED PETITION on the first page; Petitioner shall not incorporate material from the original petition by reference.

4. If Petitioner fails to file either an amended petition or a request for a stay as ordered herein by the twenty-eight-day deadline, the petition will be dismissed without prejudice to Petitioner's later filing a new petition that contains only exhausted claims.  Should he do so, he is advised to file his new federal habeas corpus petition as soon as possible after his state court proceedings have concluded.  The Court makes no ruling at this time on the issue of the timeliness of any future federal petition.

5. This Order terminates Docket No. 10.

IT IS SO ORDERED.

Dated: February 20, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge