United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. CARADINE,<br>Petitioner,<br>v.<br>SUZANNE M. PEERY, Warden,<br>Respondent. | Case No. 14-cv-01530-YGR (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

This is a habeas case filed *pro se* by a state prisoner. The petition originally included four claims. On February 20, 2015, Respondent's motion to dismiss the petition as a "mixed" petition containing both exhausted and unexhausted claims was granted because one of Petitioner's claims (his prospective juror bias claim) was unexhausted. If the petition combines exhausted and unexhausted claims, then the United States Supreme Court, in *Rose v. Lundy*, 455 U.S. 509 (1982), requires dismissal of the entire habeas petition without reaching the merits of any of its claims. *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). However, instead of dismissing the petition, the Court directed Petitioner to elect between two courses of action within twenty-eight days, and he was cautioned that his failure to do so would result in the dismissal of this action without prejudice. Specifically, Petitioner was directed to either: (1) file an amended petition that includes only his three exhausted claims and strikes the remaining unexhausted prospective juror bias claim, or (2) file a request for a stay of this matter while he exhausts his unexhausted prospective juror bias claim in state court.

After being granted four extensions of time to respond to the Court's February 20, 2015 Order, Petitioner filed his Amended Petition. Dkt. 21. For the reasons discussed below, this case is DISMISSED without prejudice.

**ANALYSIS**

As noted, Petitioner presented four claims in his original petition including: (1) improper denial of his motion to sever; (2) the trial court erred when it refused to remove a prospective juror for cause; (3) improper exclusion of defense expert testimony, and (4) improper allowance of the

jury's consideration of May 18, 2004 murder as evidence of Petitioner's intent to kill the victims of the January 23, 2004 shootings. The petition contained one unexhausted claim (his prospective juror bias claim – claim two) and three exhausted claims (claims one, three and four). As mentioned above, in its February 20, 2015 Order, the Court directed Petitioner to elect one of the following two options: (1) file an amended petition that includes only his three exhausted claims and strikes the remaining unexhausted prospective juror bias claim, or (2) file a request for a stay of this matter while he exhausts his unexhausted prospective juror bias claim in state court.

Petitioner has filed an Amended Petition; however, he has included all four claims. Dkt. 21. This is not one of Petitioner's options because his second claim is not exhausted, and therefore may not remain in his federal petition. *See Rose*, 455 U.S. at 522; *Guizar*, 843 F.2d at 372.

Petitioner has not elected either of the two options available to him. He has not indicated that he wants to request for a stay of this matter while he exhausts his unexhausted prospective juror bias claim in state court. He has also not followed the Court's instructions for filing an amended petition with only exhausted claims. As explained above, the Amended Petition seeks to keep his unexhausted prospective juror bias claim.

Petitioner was cautioned that this case would be dismissed if he did not elect one of the two options available to him. As he has failed to properly elect one of those options, this case will be DISMISSED without prejudice to Petitioner filing a new federal petition containing only unexhausted claims.

**CONCLUSION**

For the foregoing reasons, this case is DISMISSED without prejudice to filing a new federal petition containing only exhausted claims.

The Clerk of the Court shall enter judgment, terminate any pending motions as moot, and close the file.

IT IS SO ORDERED.

Dated: May 4, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge